## THE PEOPLE *v.* ACEVEDO.

### APPEAL from the District Court of Arecibo.

No. 69.—Decided January 24, 1906.

PERJURY—INFORMATION—ESSENTIAL ELEMENTS.—Every information for perjury must set forth the definite and essential fact which the accused is charged with having sworn to be true knowing the same to be false.

ID.—An information charging the accused with having sworn that a certain person had been allowed to register as a voter in precinct No. 2 of the municipality of Manati when he was not an elector in said precinct and adding "which fact he knew to be false," is neither clearly expressed nor sufficient to charge the accused with the crime of perjury, inasmuch as the defendant appears to have sworn with respect to his opinion in regard to the capacity of a person as an elector; and such an oath, in regard to such an opinion, although false, would not constitute the crime of perjury.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy,* for appellant.
*Mr. Rossy, fiscal,* for respondent.
MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Jesús Acevedo from a judgment of the District Court of Arecibo.

The sworn information which gave rise to the trial reads as follows:

"*In the name and by the authority of The People of Porto Rico.*— No. 466. *The People of Porto Rico v. Jesús Acevedo Ruiz.* In the District Court of Arecibo, November 28, 1904. Jesús Acedevo Ruiz is accused, by information filed by the *fiscal,* of an offense against the

elective franchise,* section 117 of the Penal Code, constituting a felony, committed as follows: In Manati, in the judicial district of Arecibo, on October 15th last, Jesús Acevedo Ruiz swore to a complaint before the municipal judge of said town, who has the power to administer oaths, in which he affirmed that Matilde Rosario y Carrión had permitted himself to be registered as an elector in precinct No. 52 of Barceloneta, in the municipality of Manati, when he was not an elector in said precinct, which statement he knew to be false. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—Pedro de Aldrey, *fiscal* of the district."

At the opening of the trial counsel for the defendant demurred to the information, basing the demurrer on subdivisions 2, 3, and 4 of section 153 of the Code of Criminal Procedure, in that it charged the defendant with two crimes, one against the elective franchise and the other of perjury, and because, even admitting the acts charged to be true, they did not constitute a public offense, and because in any event the information contains matter which constitutes a legal justification or excuse for the offense charged, and is a legal bar to the prosecution.

This demurrer was overruled by the Arecibo court, which rendered judgment as follows:

"*The People of Porto Rico* v. *Jesús Acevedo Ruiz.*—On this 3d day of January the defendant appeared for sentence, and was asked whether he had any cause to show why sentence should not be pronounced upon him. Upon failing to answer, sentence was pronounced against him as follows: In view of the verdict of guilty found against said defendant on December 22d last, the court should sentence, and does sentence, Jesús Acevedo Ruiz, for the crime of perjury, to imprisonment at hard labor for two years in the departmental penitentiary at San Juan, and the costs; and the court furthermore orders that he be taken to the departamental penitentiary at San Juan and delivered to the head of said institution, with a copy of this sentence, where the defendant shall be confined for two years at hard labor."

*See Title XI, Penal Code.

Counsel for the defendant took an appeal from this sentence, and presented a bill of exceptions, which is signed by said counsel and the judge, the bill containing the demurrer to the information, and a plea of the insufficiency of the evidence as a basis for the verdict and sentence, without the record containing any statement of facts, but only stenographic notes of the testimony of the witnesses. The *fiscal* contested the appeal both by written and oral argument, and Attorney Manuel F. Rossy, on behalf of the appellant, argued in support thereof, although he did not file a brief.

Upon a careful examination of the information, we find that it does not contain all the elements which go to make up the crime of perjury. Section 117 of the Penal Code defines this crime as follows:

"Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury."

The information sets forth that Jesús Acevedo Ruiz swore that Matilde Rosario y Carrión had permitted himself to be registered as an elector in precinct No. 52 of Barceloneta, in the municipality of Manati, when he was not an elector in said precinct, which statement he knew to be false; and although in grammatical language it might be doubted as to whom such falsity referred, whether to Jesús Acevedo Ruiz or to Matilde Rosario y Carrión, assuming that such falsity referred to the defendant, we would still find that the latter did not swear to a specific and determinate act knowing it to be false, as required by the legal provision cited, but to an opinion as to the capacity of Matilde Rosario y Carrión to be registered as an elector in the precinct mentioned; which opinion, even though sworn to falsely, would not constitute the crime of perjury, which consists in stating as true under oath any material matter knowing it to be false.

The information should have stated what the act was which Jesús Acevedo swore to as being true knowing it to be false, and which deprived Matilde Rosario y Carrión of the elective franchise in precinct 52 of Barceloneta, in the municipality of Manati; and this essential requisite for the existence of the crime of perjury not having been specified, the information contains a material defect which annuls the judgment appealed from.

This court announced a similar doctrine in Case No. 72 of *The People of Porto Rico* v. *Vicente Hernández* for a like crime of perjury, also from the District Court of Arecibo, decided on appeal on December 12th last.

The acts related in the information not constituting the crime of perjury, it is unnecessary to consider the other grounds on which the appeal is based.

For the reasons stated, the judgment rendered by the District Court of Arecibo on January 3d of last year should be reversed, and the appellant, Jesús Acevedo Ruiz, discharged, with the costs against The People.

*Reversed.*


Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.